| | |
|---|---|
| Ralph J Zimbouski<br>PO Box 103<br>New Hartford, CT 06057<br>Phone: 860 970 4769<br>Email: rjzimbouski@gmail.com | United States Courts<br>Southern District of Texas<br>FILED<br>*December 16, 2020*<br>David J. Bradley, Clerk of Court |

December 16, 2020

United States Bankruptcy Court
For the Southern District of Texas
Houston Division

Judge David Jones
Southern District Court

Response
Gulfport Energy Corporation, Debtors
Case 20-35562 Docket 437
Against Motion to dismiss Docket 231

The fraud claims included in Motion to Dismiss (Docket 231) are considered fraud based on false statements or incomplete information, as Docket 437 provided no evidence against the claims of fraud, the statements of fraud should be considered settled.

At this time, include the following additional claim of fraud. The Debtor press release dated November 14, 2020 (attached) includes "issue of $550 million of new senior unsecured notes to certain unsecured creditors of certain Gulfport subsidiaries". This funding pertains to Gizzly Holdings and others and will allow the Debtor to go forward with a Canadian operation in the sand oil space. The inclusion of this in the release is evidence that the Debtor provided information to Noteholders and Revolving Credit Facility concerning project costs, permit approvals, negotiations with Canada that were not provided to shareholders. This placed the shareholders at a disadvantage, hiding the opportunities this project presents. The Noteholders and Revolving Credit Facility have acted with the CEO by inclusion of these notes as part of the Chapter 11 filing. The normal course of business would include notice to shareholders and securing of bonds to go forward with this project.

Included in the press release restructuring plan (attached)
- 1250 million reduction of notes

1. 262.5 million DIP funding
2. 550 million Debtor subsidiaries
3. 580 million exit financing

Total of 1,392.5 million

This demonstrates the Debtor plans to exit Chapter 11 with more debt than existed at application.

At this time two choices exist

One, approval of motion included as Docket 231 with the caveat that 262.5 million DIP offered by the Revolving Credit Facility be approved by the court and further the Revolving Credit Facility provide this limit for a period of two years. This caveat is in response to the concerns included in Docket 437.

Two, continue the Chapter 11 filing of the Debtor. This filing has a basis in fraud and as such it is requested the shareholders be protected against extreme dilution. Extreme is defined as exceeding the number of shares that existed before the Debtors recent Buyback of approximately 20 percent of shares.

At this time, request 400,000 shares of Gulfport Energy stock be placed in my individual Fidelity account, as the Debtor exits bankruptcy. This represents a cost basis of $30,000 based on the closing price of $0.075, December 15, 2020. It also represents, approximately 0.25 percent of ownership. This request is based on professional service rendered.

Sincerely

Ralph J. Zimbouski  P.E.